REQUESTED BY: Dear Senator:
In a letter to this office you state that you are contemplating an amendment to the Technical Community College law but before you do so you would like to know if it is constitutional for a technical community college to admit a nonresident student at a rate that is less than compensatory. The same is hereinafter discussed.
Technical community colleges are educational institutions operating and offering programs pursuant to the provisions of Neb. Rev. Stat. §§ 79-2636 to 79-2662 (Supp. 1976). The seminal statute whereby the governing board of each technical community college area is granted the power, duty, and responsibility to establish tuition rates is Neb. Rev. Stat. § 79-2644(16) (Supp. 1976). That portion of the statute cited states as follows:
 "To establish tuition rates for courses of instruction offered by each college within its area. Separate tuition rates shall be established for students who are nonresidents of the State of Nebraska."
It is therefore clear that the applicable statutes do not authorize the board of a technical community college area to admit nonresidents for instruction at any such college at a rate that is less than compensatory. Nor would the Constitution of Nebraska permit the same. It is well settled law that:
 "[a] state cannot tax itself for the benefit of the people of another state. So the imposing a tax on one municipality or part of the state, for the purpose of benefiting another municipality or part, violates the rule as to uniformity. No taxing district can be taxed for the exclusive benefit of another district."
See, Peterson v. Hancock, 155 Neb. 801, 817, 54 N.W.2d 85
(1952). We are therefore of the opinion that it would not be constitutional for the board of a technical community college to admit nonresidents to courses of instruction at a rate that is less than compensatory.